UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARL E. BIBBS,

    Plaintiff,

v.

HAL WILLIAMS, et al.,

    Defendants.

Case No. 19-cv-03334-PJH

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was improperly found guilty of several disciplinary violations.

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 224-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of

2

psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a protected liberty interest, provided that the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. The placement of an inmate in a highly restrictive housing setting may amount to a deprivation of a liberty interest of "real substance" within the meaning of *Sandin*. *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).

When there is a deprivation of a liberty interest of real substance, the procedural protections to which the prisoner is entitled depend on whether the deprivation results from a disciplinary decision or an administrative decision. If it is a disciplinary decision, the procedural protections required are: written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The Due Process Clause requires only that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that prisons comply with their own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472. A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the *Wolff* standard." *Id.* at 1420.

There also must be some reliable evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached" by

3

the disciplinary hearing officer. *Superintendent v. Hill*, 472 U.S. at 455-56. This standard is considerably lower than that applicable in criminal trials. *See id.* at 456.

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 377-78 (2004). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

Plaintiff states that he was found guilty of seven separate Rules Violation Reports ("RVR") from 2013 to 2016. For several of the RVRs, plaintiff alleges there was insufficient evidence or certain procedures were not followed. Plaintiff does not describe the punishment for the RVRs or if he lost good time credits. Though for one RVR he states that he lost visits and other privileges.

In addition, plaintiff states that for each RVR that was issued he was told by defendant, a correctional lieutenant, to see the clerk. Plaintiff repeatedly went to see the clerk who stated that if plaintiff obtained a $200 cash card, the RVR would not appear on plaintiff's record. Plaintiff states he does have that kind of money and could never purchase the cash card. At one-point defendant stated in response to plaintiff telling him that he did not have $200, "Then I guess you will continue to get these write-ups." For relief, plaintiff seeks the RVRs to be expunged and money damages.

As currently plead, there are several problems with plaintiff's allegations, and the complaint will be dismissed with leave to amend to provide more information. To the

4

extent that plaintiff seeks to challenge each individual RVR, several appear to be beyond the statute of limitations, even assuming that plaintiff is entitled to four years for the limitation period. Plaintiff has also failed to address the punishment for each RVR. It is not clear if he lost good times credits or if there were any punishments that imposed an atypical and significant hardship to trigger constitutional protections. Depending on the punishment and if plaintiff seeks a speedier release from prison, he may need to seek relief through a habeas petition.

Finally, plaintiff's allegations that defendant was soliciting bribes are extremely troubling. Yet, the allegations as currently presented do not set forth a federal claim. It is well settled that in addition to providing a cause of action for the deprivation of rights secured by the Constitution, § 1983 provides a cause of action for the deprivation of certain rights conferred by federal statutes. *See Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990)*. In order to seek redress under § 1983, a plaintiff must assert the violation of a federal "right," not merely the violation of federal "law," *see Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989), nor simply the deprivation of statutorily provided "benefits" or "interests," *see Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002). Plaintiff has not identified, nor has the court found any caselaw to support that soliciting a bribe in this manner would violate a federal right. Plaintiff should demonstrate that this sets forth a federal claim. If it does not set forth a federal claim, plaintiff may seek relief for this claim in state court. To the extent that plaintiff's hearings were decided by a biased decisionmaker, he must provide more information about the hearings and the actions of the defendants and their roles in the hearings and if he lost time credits. The entire complaint is dismissed with leave to amend to provide more information as discussed above.

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **October 16, 2019**, and must include the caption and civil case number used in this order and the

5

words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 17, 2019

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge