UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARL E. BIBBS,
    Plaintiff,
    v.
HAL WILLIAMS, et al.,
    Defendants.

Case No. 19-cv-03334-PJH

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was improperly found guilty of several disciplinary violations.

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Interests that are procedurally protected by the Due Process Clause may arise from two sources: the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 224-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital),

2

and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a protected liberty interest, provided that the liberty in question is one of "real substance." *See Sandin*, 515 U.S. at 477-87. An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Id.* at 484, 487. The placement of an inmate in a highly restrictive housing setting may amount to a deprivation of a liberty interest of "real substance" within the meaning of *Sandin*. *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).

When there is a deprivation of a liberty interest of real substance, the procedural protections to which the prisoner is entitled depend on whether the deprivation results from a disciplinary decision or an administrative decision. If it is a disciplinary decision, the procedural protections required are: written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The Due Process Clause requires only that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that prisons comply with their own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472. A prisoner's right to due process is violated "only if he [is] not provided with process sufficient to meet the *Wolff* standard." *Id.* at 1420.

There also must be some reliable evidence to support the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987). "Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is

3

whether there is any evidence in the record that could support the conclusion reached" by the disciplinary hearing officer. *Superintendent v. Hill*, 472 U.S. at 455-56. This standard is considerably lower than that applicable in criminal trials. *See id.* at 456.

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.,* 541 U.S. 369 377-78 (2004). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*

Plaintiff states that he was found guilty of eight separate Rules Violation Reports ("RVR") from 2013 to 2016. For several of the RVRs, plaintiff alleges that there was insufficient evidence or certain procedures were not followed. Plaintiff also states that for each RVR that was issued he was told by defendant, a correctional lieutenant, to see the clerk. Plaintiff repeatedly went to see the clerk who stated that if plaintiff obtained a $200 cash card, the RVR would not appear on plaintiff's record. Plaintiff states he does not have that kind of money and could never purchase the cash card. At one-point defendant stated in response to plaintiff telling him that he did not have $200, "Then I guess you will continue to get these write-ups."

Plaintiff states that as a result of these RVRs he lost visits, time in the yard and dayroom, and telephone calls. Plaintiff also states that he lost good time credits and his minimum eligible parole date has changed as a result of the RVRs. Plaintiff fails to specifically describe the punishment for each RVR and if each RVR resulted in the loss of

4

good time credits. For relief, plaintiff seeks for the RVRs to be expunged and to receive money damages.

As currently presented, there are several problems with plaintiff's allegations, and the complaint will be dismissed with leave to amend to provide more information. Plaintiff must specifically describe the punishment for each separate RVR he wishes to challenge and which RVRs resulted in the loss of good time credits that affected his minimum eligible parole date. He may wish to include exhibits or other prison paperwork discussing the RVRs and punishments.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). But a challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." *Id.* at 525.

To the extent that plaintiff challenges specific RVRs that resulted in the loss of time credits, he must challenge those RVRs in a habeas petition. If plaintiff is successful in reversing an RVR, he may then bring a civil rights action to seek money damages.[1] Plaintiff can perhaps proceed in a civil rights action with respect to an RVR that did not result in the loss of time credits but where he suffered an atypical and significant hardship. In an amended complaint, plaintiff should specifically describe the punishment

---

[1] In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

from each individual RVR at issue.  He should also address if some of the claims are untimely in light of the statute of limitations and when some of the RVRs occurred.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above.  The second amended complaint must be filed no later than **April 6, 2020**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to file an amended complaint may result in dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 5, 2020

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge